Curia, per
Nott, J.
The only question in this ease is, whether an infant can bind himself by a promissory note for necessaries. It is a little remarkable that a question of such frequent occurrence should remain to be settled at this day. But I think that although the decisions on the subject are some what contradictory, there can be but little doubt on the question now immediately before us. Lord Coke says, that an infant cannot bind himself in a bond with a penalty, even for necessaries. 171-2. From whence it has been inferred that a single bill without a penalty would be good, 3 Co. 172 — and it is there said that it has been oftén so adjudged — see Ayliff vs. Archdale, Cro. Eliz. 920; Earle vs. Peale, 1 Salk. 387; 3 Bacon 594-5. And if an infant can bind himself by a single bill, it would seem to follow as a necessary consequence, that he may bind himself by a simple contract. But in the case of Williamson vs. Watts, 1 Campbell 552, in an action of assumpsit on a bill of exchange, where the defendant pleaded infancy, and the plaintiff replied necessaries, Sir James Mansfield said the replication was nonsenle ; and asks emphatically whether any one ever heard of an infant being liable as acceptor of a bill of exchange. And in the case of Trueman *222 vs. Hurst, 1 Term Rep. 40, it was held that an ini'ant was not liable on a negotiable note, nor an account stated, but I cannot see the good sense of the rule, and if I am permitted to use as strong language as Sir James Mansfield I would say it is nonsense to hold that an infant may bind himself by a single bill and not by an account stated.— Judge Reeve, in his treatise on Domestic Relations 230-1, lays down the rule, that “when the security is of such a nature that by the rules of law, the consideration cannot be inquired into, then the infant is not liable,” from whence it is concluded that he is not liable on a bond or negotiable note after it is negotiated, but that he is liable on a note given for necessaries, provided it be not negotiable and even on a negotiable note while it remains in the hands of the original payee. I have no doubt of the correctness of this conclusion, and that is enough for our present purpose. I can see no reason why he may not be bound by a bond or bill of exchange, it is not true that,no inquiry can be made into the consideration. The statutes against usury and gaming are every day set off as defences to actions on bills of exchange and negotiable notes, even in the hands of innocent indorsees. And in addition to those cases, no defence is more common in our courts to an action on bond, than a failure of consideration. If infancy can be pleaded to an action on bond, or on a bill of exchange, why may not a replication that the contract was for necessaries, be allowed? However, it is not my intention to go beyond the case now under consideration. I think the replication ought to have been sustained, and the decree must therefore be reversed.

Decree reversed.